16-2291
Malick v. J.P. Morgan Chase Bank, N.A.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand nineteen.**

**PRESENT:**
> **DENNIS JACOBS,**
> **SUSAN L. CARNEY,**
> **MICHAEL H. PARK,**
>        *Circuit Judges.*

---

**Abu Hashem W.Q. Malick,**

        *Plaintiff-Appellant*,

**Shujaat Q. Malick,**

        *Plaintiff*,

        **v.**                             **16-2291**

**JP Morgan Chase Bank, N.A., Jointly and Severally, Safeguard Properties, Inc., Jointly and Severally,**

        *Defendants-Appellees*.

---

**FOR PLAINTIFF-APPELLANT:**

ABU HASHEM W.Q. MALICK, pro se, Fairfield, CT.

**FOR DEFENDANT-APPELLEE JP MORGAN CHASE BANK, N.A.:**

DANIEL J. KRISCH (Brian D. Rich, *on the brief*), Halloran & Sage LLP, Hartford, CT.

**FOR DEFENDANT-APPELLEE SAFEGUARD PROPERTIES, INC.:**

BERNARD F. GAFFNEY (Milanna Datlow, *on the brief*), Wilson Elser Moskowitz Edelman & Dicker LLP, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut, (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on June 3, 2016, is **AFFIRMED**.

Plaintiff-Appellant Abu Hashem W.Q. Malick, now proceeding pro se, appeals the district court's judgment in favor of defendants JP Morgan Chase Bank, N.A. ("JPM") and Safeguard Properties, Inc. ("Safeguard") after a bench trial in this diversity action at which he was represented by counsel. In June 2007, Malick obtained a mortgage loan on his house in Fairfield, Connecticut (the "Property") from Washington Mutual Savings Bank, which JPM purchased in 2008. He executed a mortgage deed with the lender (the "Mortgage Deed") to effect the transaction. Motion to Reconsider at 22-36, *Malick v. J.P. Morgan Chase Bank, N.A.*, No. 13-cv-669 (D. Conn. Oct. 13, 2015), ECF No. 79. According to the findings of facts of the District Court after a bench trial, Malick did not make any payments on the loan after August 2008 and began an (unrelated) term of incarceration in November 2008. *Malick v. J.P. Morgan Chase Bank, N.A.*, No. 13-cv-669, 2016 WL 2858772, at *2 (D. Conn. May 16, 2016). While incarcerated, Malick asked his brother Sujatt

to monitor the Property, but Sujatt checked on the Property only occasionally and did not perform maintenance of any kind. *Id.*

After observing the deterioration of the Property, JPM hired mortgage service providers LPS Field Services, LLC (LPS), and later, Safeguard, to monitor the Property. *Id.* at \*2, \*5. Before Malick was released from prison in May 2012, the Property had deteriorated from lack of winterization and general neglect; in addition, unknown persons had vandalized the Property and had stolen durable goods, copper piping, and the personal effects of Malick. *Id.* at \*2-4. In the period from November 2008 to May 2012, during which the Property was vacant, JPM, acting through LPS, changed the locks and otherwise attempted to secure the Property. *Id.* at \*2-3. After Malick was released from prison, Safeguard, the new mortgage service provider, checked on the Property several times to confirm its occupancy status. *Id.* at \*5. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We construe Malick's brief as mainly challenging the district court's judgment for defendants on Malick's state law claims for conversion, negligence, unfair debt collection practices, and unfair trade practices. "On appeal from a bench trial, we review conclusions of law *de novo* and findings of fact for clear error." *32BJ N. Pension Fund v. Nutrition Mgmt. Servs. Co.*, 935 F.3d 93, 97–98 (2d Cir. 2019) (internal quotation marks omitted).

Malick first challenges the district court's finding for JPM on Malick's conversion claim. Under Connecticut law, Malick must prove that defendants engaged in "unauthorized assumption and exercise of the right of ownership over property belonging to [Malick], to the exclusion of [Malick's] right." *Mystic Color Lab, Inc. v. Auctions Worldwide, LLC*, 284 Conn. 408, 418 (2007).

3

We find no clear error in the district court's determination that defendants did not do so.

Malick also failed to establish that defendants owed any duty to him to act to prevent theft or damage to the Property, as is required to sustain a Connecticut law negligence claim. *See Grenier v. Comm'r of Transp.*, 306 Conn. 523, 538-39 (2012) (ruling that defendant's duty to plaintiff is an element of negligence claim). The Mortgage Deed expressly placed a duty on Malick to maintain the Property. *See* Mortgage Deed at 28 ¶ 7 ("Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition."). The Mortgage Deed explicitly disclaims any duty of JPM to act to protect, secure, or repair the Property. *Id.* at 29 ¶ 9 ("Although Lender *may* take action [to protect, secure, and repair the Property], Lender does not have to do so and is not under any duty or obligation to do so." (emphasis added)). Malick identifies no common law ground for finding a duty owed to him by defendants. We therefore affirm the court's dismissal of Malick's negligence claims.

Malick further did not establish that JPM violated the Connecticut Fair Debt Collection Practices Act, Conn. Gen. Stat. § 36a-646 ("No creditor shall use any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt."), by entering the premises and changing the locks, or that Safeguard violated the law by sending notices and making visits to the Property. We agree with the District Court that the actions taken by JPM and Safeguard cannot reasonably be said to be "abusive, harassing, fraudulent, deceptive or misleading," *id.*, since the Mortgage Deed explicitly authorized them. The document granted JPM, as lender, the right to protect its interest in the Property in the event that Malick "fail[ed] to perform the covenants and agreements contained in [the Mortgage Deed]" or

4

"abandoned" the Property. Mortgage Deed at 29 ¶ 9. We find no clear error in the District Court's

determinations that Malick breached the covenant not to let the Property deteriorate and that he

abandoned the Property. JPM was therefore entitled to "do and pay for whatever is reasonable and

appropriate" to protect its interest in the Property, including "protecting and/or assessing the value

of the Property, and securing and/or repairing the Property." *Id.* The Mortgage Deed specifies that

"Securing the Property includes, but is not limited to, entering the Property to make repairs [and]

change locks." *Id.* Furthermore, it allows "Lender or its agent [to] make reasonable entries upon

and inspections of its Property." *Id.* at 28 ¶ 7. None of defendants' acts fell outside of their

authority.

Malick also appeals the District Court's dismissal of his claim brought under the

Connecticut Unfair Trade Practices Act (CUTPA). Conn. Gen. Stat. § 42-110b. CUTPA provides

that "[n]o person shall engage in . . . unfair or deceptive acts or practices in the conduct of any

trade or commerce." *Id.* at § 42-110b(a). Connecticut courts apply the following test for CUTPA

claims:

> To prevail on a CUTPA claim, the plaintiffs must prove that (1) the defendant
> engaged in unfair or deceptive acts or practices in the conduct of any trade or
> commerce and (2) [plaintiffs] suffered an ascertainable loss of money or property
> as a result of the defendant's acts or practices.

*Artie's Auto Body, Inc. v. Hartford Fire Ins. Co.*, 287 Conn. 208, 217 (2008) (internal quotation

marks and citations omitted). Malick's CUTPA claims fall short, as the District Court ruled,

because the actions taken by JPM and Safeguard were not "unfair or deceptive" and were expressly

contemplated by the Mortgage Deed. *See Edmands v. CUNO, Inc.*, 277 Conn. 425, 451 (2006)

("Because . . . [the relevant acts] conformed in all respects to the express terms of the parties'

5

agreements, we, therefore, have great difficulty identifying the wrong [under CUTPA] the plaintiffs seek to assert."). Malick cannot dispute that under the Mortgage Deed, JPM was permitted to secure the Property and to employ a third party—here, Safeguard—to monitor the Property. Safeguard's repeated visits to the house in 2012 and 2013 were reasonable considering the recent abandonment of the house. Malick alleges that those visits caused only emotional harm, which is not enough to establish a loss under CUTPA. *Di Teresi v. Stamford Health Sys., Inc.*, 149 Conn. App. 502, 512 (2014) ("[P]laintiffs' claim of emotional distress does not constitute an ascertainable loss of money or property for purposes of CUTPA."). Malick cites no caselaw or regulations interpreting CUTPA that would render defendants' actions "unfair or deceptive" for CUTPA purposes. Without more, his claim must be rejected.

Malick's remaining challenges to the district court's rulings also fall short. We identify no abuse of discretion in the district court's denial of his last-minute motion to postpone the trial or his counsel's motion to withdraw. The court gave ample prior notice of the trial date and Malick did not move to postpone the trial until the very eve of the proceeding. *Payne v. Jones*, 711 F.3d 85, 92-93 (2d Cir. 2013) ("Because continuances can be highly disruptive to the courts and the parties, especially when granted close to the start of trial, trial courts are entrusted with broad discretion to decide whether the stated purpose of a continuance warrants the disruption and delay of granting one." (internal citations omitted)); *Whiting v. Lacara*, 187 F.3d 317, 323 (2d Cir. 1999) ("[T]he interest of the district court in preventing counsel from withdrawing on the eve of trial is substantial."). Nor did the district court exceed its proper discretion by denying Malick's motion to reconsider its prior rulings, since that motion made arguments not first presented in opposition to defendants' motions to dismiss and for summary judgment. *See Phillips v. City of New York*,

6

775 F.3d 538, 544 (2d Cir. 2015) (holding that "arguments . . . raised for the first time in plaintiffs' motion for reconsideration . . . were not properly presented to the district court"). Finally, the district court committed no error by admitting testimony regarding Malick's prior conviction for embezzlement. Fed. R. Evid. 609(a). This testimony was relevant to his veracity and was not unduly prejudicial. Fed. R. Evid. 403.

We have considered all of Malick's remaining arguments and conclude that they have no merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court